# CIVIL DOCKET, 056 Judicial District Court, Galveston County Cause 09CV1896

| STYLE OF CASE | ATTORNEYS | KIND OF ACTION | DATE OF FILING Month | Day | Year |
|---|---|---|---|---|---|
| LEE, TIFFANY | JASON M. BYRD | | OCTOBER | 13 | 2009 |
| -VS- | | BREACH OF FEDICUARY DUTY | | | |
| GREENPOINT MORTGAGE FUNDING, INC. | | | | | |

| Date of Orders | ORDERS OF COURT | Minute Book Vol. | Page | REMARKS |
|---|---|---|---|---|
| 10-15-09 | Status Conference set for 01-14-2010 at 9:30 a.m. LC/sd | | | |
| 10-15-09 | Plaintiff demands a jury LC/sd | | | |
| 4/8/10 | check status 4/20/10 at 8:00am | | | Jury fee paid 10/13/09 |
| 5/28/10 | Status conference 7/22/10 at 9:30am LC/RL | | | |

10 JUL -5 PM : 02

Latonia D. Wilson
DISTRICT CLERK
GALVESTON COUNTY, T

I, Latonia D. Wilson, District Clerk and Custodian of Records for District Courts of Galveston County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and filed in this office on the 6th day of July 2010. Witness my official hand and seal of office this 6th day of July 2010.

LATONIA D. WILSON, DISTRICT CLERK
Galveston County, Texas

By [signature] Deputy

EXHIBIT B

CAUSE NO. 09CV1896

09 OCT 13 PM 5:22

| | | |
|---|---|---|
| TIFFANY LEE | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| GREENPOINT MORTGAGE FUNDING, INC. | § | 56th JUDICIAL DISTRICT |

GALVESTON COUNTY, TX.

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TIFFANY LEE, Plaintiff herein, who files this her Original Petition against Defendant, GREENPOINT MORTGAGE FUNDING, INC., and for cause of action would respectfully show the Court as follows:

**A. Discovery Control Plan**

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**B. Parties**

2. Plaintiff, TIFFANY LEE, is an individual who owns property in Galveston County, Texas.

3. Defendant, GREENPOINT MORTGAGE FUNDING, INC., is a foreign corporation authorized to do business in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Registered

10-15-09 ISS 1 c/c cit @ 8.00



s/c 1-14-10
Mete 10/9

300.00
30.00 Jury

Agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, at 701 Brazos, Suite 1050, Austin, Texas 78701.

**C. Jurisdiction**

4. This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. This Court has jurisdiction over Defendant GREENPOINT MORTGAGE FUNDING, INC., because Defendant is a citizen of the State of Texas and/or engages in the business of insurance and/or mortgage lending in the State of Texas and this cause of action arises out of Defendant's business activities in the State of Texas.

**D. Venue**

6. Venue is proper in Galveston County, Texas because the insured property is situated in Galveston County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

**E. Facts as to Defendant Greenpoint Mortgage**

7. Plaintiff's flood policy was maintained through her insurer, Texas Farmers Insurance Company (hereinafter referred to as "Farmers"). The premiums were paid out of an escrow account established and maintained by Greenpoint Mortgage Funding, Inc., (hereinafter referred to as "Greenpoint"). The escrow account was funded each month by additional payments made on top of the mortgage payment made each month to Greenpoint. When the flood policy came up for renewal, Greenpoint failed to pay the premium on the property located at 1123 Forest Road #B, Clear Lake Shores, Texas 77565.

8. The Plaintiff suffered a significant loss with respect to the property at issue, and suffered additional living expenses as a result of Hurricane Ike.

9. Plaintiff submitted a claim to Farmers with a date of loss September 13, 2008 for damage to the dwelling and contents of the property at issue as a result of Hurricane Ike. At that time, Plaintiff was advised that no coverage existed on the property located at 1123 Forest Road #B, Clear Lake Shores, Texas 77565.

10. Greenpoint had a fiduciary duty to Plaintiff to make the insurance premium payments. Greenpoint breached that duty to the Plaintiff. At all times, Greenpoint collected the escrow amounts from Plaintiff and then failed to comply with the escrow agreement and failed to make timely payments to Plaintiff's insurance carrier prior to Hurricane Ike. As a direct result of Greenpoint's breach of the escrow agreement and breach of its fiduciary duty as an escrow agent, Plaintiff's policy with Texas Farmers Insurance Company was allowed to lapse on the property at issue prior to Hurricane Ike, causing damages to the Plaintiff.

**F. Causes of Action as to Defendant Greenpoint**

**Breach of Fiduciary Duty**

11. Based on the facts and circumstances stated above, Plaintiffs and Greenpoint had a fiduciary relationship. Greenpoint acted as the escrow agent for Plaintiff's insurance premium payments. Greenpoint breached that fiduciary duty to Plaintiff by failing to properly pay the insurance premiums and failing to pay the insurance premiums timely. Greenpoint's breach resulted in injury to Plaintiff and resulted in financial benefit to Greenpoint in that Greenpoint was able to continue to collect interest on the escrow amounts held in the escrow account.

**Breach of Contract**

12. Greenpoint's conduct constitutes a breach of the deed of trust and promissory note contract made between Greenpoint and Plaintiff. Greenpoint's failure to pay the insurance premiums pursuant to the escrow agreement constitutes a breach of the contract with Plaintiff.

**Texas Deceptive Trade Practices Act**

13. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act. Specifically, Plaintiff was a consumer of Greenpoint's escrow agent services and Greenpoint made various representations about those services in order to induce Plaintiff to use those services. Plaintiff relied on those representations and, as such, Plaintiff was damaged by Greenpoint's failure to pay the interest premiums in accordance with the escrow agreement.

14. At all times material hereto, Plaintiff was a consumer who purchased escrow services from Greenpoint. Greenpoint has violated the Texas Deceptive Trade Practices Act in the following manners:

a. Causing confusion or misunderstanding about the source, sponsorship, approval, or certification of escrow services;

b. Representing that escrow services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities it does not have;

c. Representing that escrow services are of a particular standard, quality, or grade;

d. Advertising escrow services with the intent not to sell them as advertised;

e. Making false or misleading statements of fact concerning the reason for, existence of, or amount of price reductions;

f. Representing that an agreement confers or involves rights, remedies or obligations that it does not;

g. Falsely representing that escrow services had been performed on goods;

h. Failing to disclose information about escrow services which were known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

i. Engaging in an unconscionable course of conduct.

15. Each of the acts described above, together and singularly, was done knowingly and intentionally and was the producing cause of Plaintiff's damages described herein.

**Common Law Fraud**

16. Greenpoint made a representation to Plaintiff that Greenpoint would perform under the escrow agreement and pay the insurance premiums timely. Greenpoint's representation was material and false. Greenpoint knew when it made the representation that it was either (1) false or (2) made the representation recklessly, as a positive assertion, and without knowledge of its truth. Greenpoint made the representation that it would pay timely insurance premiums with the intent that Plaintiff act on the representation. Plaintiff relied on the representation which caused Plaintiff's injuries.

**Statutory Fraud Pursuant to § 27.01 of the Texas Business & Commerce Code**

17. Plaintiff hereby sues Greenpoint for statutory fraud. The transaction described above involves real estate. Greenpoint (a) made a false representation of fact

and (b) made a false promise that it would perform under the escrow agreement. The false representation or promise was made for inducing Plaintiff to enter into the loan contract. Plaintiff relied on the false representation or promise by entering into the contract and this reliance caused the Plaintiffs significant injury.

**Breach of the Duty of Good Faith and Fair Dealing**

18. Defendant Greenpoint's conduct constitutes a breach of the common law duty of good faith and fair dealing. Because there is an escrow agreement described above and because the effect of failure to comply with the escrow agreement is the same as the effect of cancelling or non-renewing the policy, the contract gives rise to a duty of good faith and fair dealing.

19. Greenpoint's breach of the duty of good faith and fair dealing subjects it to further damages described herein.

**Violations of the Texas Insurance Code**

**Noncompliance with Texas Insurance Code Chapter 541: "Unfair Competition and Unfair Practices Act"**

20. Greenpoint's conduct constitutes multiple violations of Texas Insurance Code Chapter 541.

21. Greenpoint is a "person" as that term is defined under the Texas Insurance Code Section 541.002(2), because a "person" is defined as a corporation or any other legal entity engaged in the business of insurance. In this transaction, Greenpoint acted as an agent, procuring insurance and paying the insurance premiums through the escrow agreement. Just as an agent is liable for failure to procure insurance, so is the escrow agent in this case, Greenpoint.

22. Greenpoint made a misrepresentation to induce the borrower (Plaintiff) and to allow the policy to lapse in violation of the Texas Insurance Code Sections 541.051 to 541.052.

23. Furthermore, Greenpoint is liable for misrepresentations about an insurance policy under Section 541.061. Greenpoint made untrue statements of material fact about the payment of the premiums through the escrow agreement. Greenpoint made statements in a way that would lead a reasonably prudent person to a false conclusion about the material fact. That material fact being the timely payment of interest premiums through the escrow account.

**Negligence**

24. Defendant Greenpoint is hereby liable to Plaintiff for negligence. Greenpoint owed a legal duty to Plaintiff as her escrow agent. Greenpoint breached that duty by failing to pay timely the insurance premiums out of the escrow account and this breach proximately caused Plaintiff's injuries.

**Negligent Misrepresentation**

25. Plaintiff hereby sues Greenpoint for negligent misrepresentation. Greenpoint made a representation to Plaintiff in the course of Greenpoint's business as a lender and in the transaction where Greenpoint had a financial interest; in not only the interest accrued on the principal amount of the loan, but also the interest accrued on the escrow account. Greenpoint supplied false information for the guidance of the Plaintiff in that Greenpoint represented that it would timely pay the insurance premiums. Greenpoint did not exercise reasonable care or competence in obtaining or communicating this information. The

Plaintiff justifiably relied on the representation of Greenpoint and Greenpoint's negligent misrepesentation proximately caused the injuries to Plaintiff.

**G. Damages and Prayer**

26. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, TIFFANY LEE complains of GREEPOINT MORTGAGE FUNDING, INC. and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

27. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiffs.

28. For breach of contract by Greenpoint, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of the claim, together with attorney's fees.

29. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act* and the *Texas Deceptive Trade Practices Act* by Greenpoint, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times her actual damages. TEX. INS. CODE ANN. Section 541.060. For intentional conduct, Plaintiff asks for three times actual damages and three times mental anguish damages.

30. For breach of the duty of good faith and fair dealing by Greenpoint, exemplary damages as to be determined by the jury.

31. For breach of fiduciary duty, fraud, statutory fraud, and negligent misrepresentation by Greenpoint, actual damages, consequential damages, attorney fees, and exemplary damages as to be determined by the jury.

32. Plaintiff seeks court costs, prejudgment interest, post-judgment interest, and any other relief, either at law or in equity to which they may be justly entitled to receive.

Respectfully submitted,

**SNIDER & BYRD, L.L.P.**

BY:________________________

Jason M. Byrd
State Bar No. 24036303
Wyatt D. Snider
State Bar No.24039185
Justin G. Sanderson
State Bar No. 24034664
Delaware Office Plaza
3560 Delaware Street, Suite 308
Beaumont, Texas 77706
(409) 924-9595/(409) 924-0808 FAX
ATTORNEYS FOR PLAINTIFFS

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury.

________________________
JASON M. BYRD




I, Latonia D. Wilson, District Clerk and Custodian of Records for District Courts of Galveston, County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and filed in this office on the 13th day of October 2009 witness my official hand and seal of office this 6th day of July 2010
LATONIA D. WILSON, DISTRICT CLERK
Galveston County, Texas
By________________ Deputy





Houston | Beaumont
Attorneys at Law

5300 MEMORIAL | SUITE 480
HOUSTON, TEXAS 77007
713.864.3000 | FAX 713.864.3015

3560 DELAWARE | SUITE 308
BEAUMONT, TEXAS 77706
409.924.9595 | FAX 409.924.0808

September 15, 2009

Latonio D. Wilson
Galveston County District Clerk
600 59th Street, Room 4001
Galveston, Texas 77551

**RE: Cause No. ____________; *Tiffany Lee vs Greenpoint Mortgage Funding, Inc.*; In the District Court of Galveston County, Texas, _____ Judicial District**

Dear Ms. Wilson:

In regard to the above referenced enclosed you will find the original and (2) two copies of Plaintiff's Original Petition to be filed among the papers of the Court. Please prepare one (1) citation. It is to be served on Defendant's Registered Agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, 701 Brazos, Suite 1050, Austin, Texas 78701, **via Certified United States Mail, Return Receipt Requested.**

Our check in the amount of $345.00 is also enclosed for your filing fees.
+ 5.00

Please file stamp the enclosed copy and return to me in the self-addressed, stamped envelope which is enclosed for your convenience.

Sincerely,

Jason M. Byrd
For the Firm

JMB/cc
Enclosures

09 OCT 13 AM 11:28
DISTRICT CLERK
GALVESTON COUNTY, TX.

LMB

ck 345.00 + 5.00

Citation Personal Service

CITATION
THE STATE OF TEXAS
CASE NO. 09CV1896 - 56th District Court

TIFFANY LEE

VS

GREENPOINT MORTGAGE FUNDING, INC.

**Issued To: GREENPOINT MORTGAGE FUNDING, INC. UPON WHOM PROCESS OF SERVICE MAY BE HAD BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, 701 BRAZOS, SUITE 1050, AUSTIN, TEXAS 78701**

Defendant Greetings:

NOTICE TO DEFENDANT: You have been sued. You may employ an Attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. The **Original** petition was filed on the 13TH day of **October 2009**in cause number **09CV1896** pending before the **56th District Court** of Galveston County, Texas. See attached **Original Petition** for named parties to the suit.

The name and address of the Pro Se party or Attorney: JASON M. BYRD, SNIDER & BYRD, L.L.P., DELAWARE OFFICE PLAZA, 3560 DELAWARE STREET, SUITE 308, BEAUMONT, TEXAS 77706

The nature of the demand of the Plaintiff is shown by a true and correct copy of the **Original** Petition attached to this citation.

If this citation is not served it shall be returned unserved.
Issued and given under my hand and seal of Court at Office, on OCTOBER 15, 2009 A.D.
A Status Conference is set for: 1/14/10
**Please refer to and complete the attached Status Conference Sheet. Upon completion, please return to Clerk of Court.**

**LATONIA D. WILSON, District Clerk, Galveston County, Texas,**
**600 59th Street, Suite 4001, Galveston, Texas 77551**

By: [signature]
Karen Johnson, Deputy Clerk

OFFICER'S RETURN

Came to hand on the ______ day of ______________, ________ at ______ o'clock at ____M. Executing Within the County of ______________, at ________ o'clock ______.M. on the 19th day of October, 2009 By delivering to the within the named Defendant by serving at: Greenpoint Mortgage Funding, C/O Corp. Service Co./DBA CSC Lawyers, Inc. 701 Brazos, Ste. 1050 Austin, Tx 78701
Each in person a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.
Total fee for serving citation $ 65.00

Latonia D. Wilson District Clerk
Name of Officer or Authorized & Disinterested Person
Galveston, County, Texas
By: [signature], Signature of Deputy of Authorized & Disinterested Person
Authorized & Disinterested person's Verification:
On this the day personally appeared ______________________, known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.
Sworn to and subscribed before me, on this the ________ day of ______________,
Notary's Name Printed: ______________________
Notary Public in and for the State of Texas ______________________
Commission Expires: ______________________

LATONIA D. WILSON
~~CLERK~~ DISTRICT COURT
FILED
11:23AM
OCT 26 2009
GALVESTON COUNTY, TEXAS
BY [signature] Deputy

Coded
SF
noted

2. Article Number

7160 3901 9849 1487 2544

3. Service Type CERTIFIED MAIL

4. Restricted Delivery? (Extra Fee) Yes

1. Article Addressed to:

GREENPOINT MORTGAGE FUNDING,
C/O CORPORATION SERCIE COMPAN
DBA CSC LAWYERS INCORPORATINC
701 BRAZOS, SUITE 1050
AUSTIN, TX 78701

COMPLETE THIS SECTION ON DELIVERY

A. Received by (Please Print Clearly)

B. Date of Delivery 101909

C. Signature

X SA Vertrees

Agent

Addressee

D. Is delivery address different from item 1? Yes

If YES, enter delivery address below: No

**Reference Information**

09CV1896 - 56TH

KAREN JOHNSON

PS Form 3811, January 2005 Domestic Return Receipt

7160 3901 9849 1487 2544

TO: GREENPOINT MORTGAGE FUNDING, I
C/O CORPORATION SERCIE COMPANY
DBA CSC LAWYERS INCORPORATING
701 BRAZOS, SUITE 1050
AUSTIN, TX 78701

KAREN JOHNSON

SENDER: 09CV1896 - 56TH

REFERENCE:

PS Form 3800, January 2005

| RETURN RECEIPT SERVICE | Postage | |
|---|---|---|
| | Certified Fee | |
| | Return Receipt Fee | |
| | Restricted Delivery | |
| | Total Postage & Fees | |

US Postal Service

**Receipt for Certified Mail**

No Insurance Coverage Provided
Do Not Use for International Mail

POSTMARK OR DATE

CAUSE NO. 09-CV-1896

10 APR 27 PM 4:41

DISTRICT CLERK

| | | |
|---|---|---|
| TIFFANY LEE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | OF GALVESTON COUNTY, TEXAS |
| | § | |
| | § | |
| GREENPOINT MORTGAGE FUNDING, INC., | § | 56TH JUDICIAL DISTRICT |
| | § | |
| Defendant. | § | |
| | § | |

# Defendant's Original Answer

Greenpoint Mortgage Funding, Inc. ("Greenpoint") files its original answer as follows:

## I. General Denial

Greenpoint generally denies all the Plaintiff's claims as alleged and respectfully prays that she be required to prove her claims by a preponderance of the evidence or such higher standard as may be applicable.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff take nothing by reason of the claims as alleged and, further, that Defendant recover such other and further relief to which this Court deems it to be justly entitled.

Respectfully submitted,

**McGlinchey Stafford, PLLC**

By: S. David Smith

**S. DAVID SMITH**
Texas Bar No. 18682550
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025

**GREGG D. STEVENS**
Texas Bar No. 19182500
**THOMAS D. GRABER**
Texas Bar No. 08240560
2711 N. Haskell, Suite 2700
Dallas, Texas 75204
Telephone: (214) 257-1777
Facsimile: (214) 257-1717

**ATTORNEYS FOR DEFENDANT GREENPOINT MORTGAGE, FUNDING, INC.**

## Certificate of Service

On April 27, 2010, I certify that a correct copy of Greenpoint's Original Answer was sent as indicated to the following counsel of record:

Jason M. Byrd
Snider & Byrd, L.L.P.
Delaware Office Plaza
3560 Delaware Street, Suite 308
Beaumont, Texas 77706
***Via Facsimile: (409) 924-0808***

S. David Smith

10 APR 27 PM 4:41

I, Latonia D. Wilson, District Clerk and Custodian of Records for District Courts of Galveston, County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and filed in this office on the 27th day of April 2010 witness my official hand and seal of office this 6th day of July 2010
LATONIA D. WILSON, DISTRICT CLERK
Galveston County, Texas
By __________ Deputy

317856.1



McGLINCHEY STAFFORD PLLC

ATTORNEYS AT LAW

LOUISIANA MISSISSIPPI NEW YORK OHIO TEXAS

**S. David Smith**
Direct Dial: (713) 335-2136
Facsimile: (713) 520-1025
sdsmith@mcglinchey.com
*Board Certified, Consumer & Commercial Law*
*Texas Board of Legal Specialization*

April 27, 2010

***Via Hand Delivery***
Ms. Latonia Wilson
Galveston County District Clerk
600 59th Street, Room 4001
Galveston, Texas 77551

RE: Cause No. 09-CV-1896; *Tiffany Lee v. Greenpoint Mortgage Funding, Inc.;* In the 56th Judicial District Court of Galveston County, Texas.

Dear Ms. Wilson:

Enclosed please find an original and one copy of the following document for filing in the above-referenced matter:

1. Defendant's Original Answer.

Please return our file stamped copy with our courier.

Thank you for your assistance. If you have any questions, please do not hesitate to call.

Sincerely,

**McGlinchey Stafford, PLLC**

By: Doris Walker
Doris Walker
Paralegal to S. David Smith

10 APR 27 PM 4:41

/daw

Enclosure

cc: Jason M. Byrd
Via Fax: 409-924-0808

317921.1

CAUSE NO. 09-CV-1896

10 MAY 25 PM 4:11

| | | |
|---|---|---|
| TIFFANY LEE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | OF GALVESTON COUNTY, TEXAS |
| | § | |
| GREENPOINT MORTGAGE FUNDING, INC., | § | 56TH JUDICIAL DISTRICT |
| Defendant/Third-Party Plaintiff, | § | |
| vs. | § | |
| TEXAS FARMERS INSURANCE COMPANY | § | |
| Third-Party Defendant. | § | |

**GreenPoint Mortgage Funding's Third-Party Petition and Requests for Disclosure**

Pursuant to Texas Rule of Civil Procedure 38, Defendant and Third-Party Plaintiff GreenPoint Mortgage Funding Inc., ("GreenPoint") files this Third-Party Petition asserting claims against Texas Farmers Insurance Company.

**I. Discovery Plan**

1. Plaintiff Tiffany Lee ("Plaintiff") has requested that the Court conduct discovery under Level 3 according to Texas Rule of Civil Procedure 190. At this time, GreenPoint does not object to this discovery level.

**II. Parties**

2. Plaintiff is an individual who resides in Galveston County, Texas and has brought suit against GreenPoint. GreenPoint is a mortgage company duly authorized to transact business in the State of Texas. Third-Party Defendant Texas Farmers





Insurance Company ("Farmers") is an insurance company duly authorized to transact business in Texas and may be served through its registered agent for service of process: Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728 or by any other legal means.

## III. Jurisdiction and Venue

3. Jurisdiction is proper in this Court as there is a pending controversy between Plaintiff and GreenPoint, which is the subject of GreenPoint's Third-Party Petition. The Court has jurisdiction over the lawsuit and over Farmers. Lastly, the amount in controversy exceeds this Court's minimum jurisdictional limit.

4. Venue is proper in Galveston County under Texas Civil Practice and Remedies Code § 15.062 because venue of the main action is appropriate. In addition, GreenPoint's third-party claims against Farmers arise out of the subject matter of Plaintiff's claims against GreenPoint.

## IV. Introduction

5. Plaintiff filed an Original Petition against Defendant/Third-Party Plaintiff GreenPoint alleging violations of breach of fiduciary duty, breach of contact, Texas Deceptive Trade Practices Act, common-law fraud, statutory fraud, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code, negligence, and negligent misrepresentation. A copy of Plaintiff's Original Petition is attached as **Exhibit A.** Plaintiff bases her claims on the allegation that GreenPoint failed to submit payment from Plaintiff's escrow account to Farmers for flood insurance covering the

Plaintiff's property located at 1123 Forest Road #B, Clear Lake Shores, Texas 77565 ("Property").

6. GreenPoint has answered the Plaintiff's Original Petition and generally denies Plaintiff's claims. In addition, GreenPoint contends that it submitted payment to Farmers from the Plaintiff's escrow account and has produce records evidencing such payment to Farmers. A copy of GreenPoint's Original Answer is attached as **Exhibit B.** If Plaintiff proves her allegations, Farmers would be directly responsible for failing to maintain Plaintiff's flood coverage following GreenPoint's payment. As a result, GreenPoint asserts the following claims against Farmers.

## V. Third-Party Claims

### A. Breach of Contract.

7. Under Plaintiff's flood policy/homeowner's policy, Farmers accepted insurance premium payments and was thus obligated to maintain insurance coverage for the Plaintiff's Property. The flood policy/homeowner's policy forms a valid and enforceable contract and there is no legal justification or excuse for Farmers' failure to perform under the agreement. Therefore, Farmers has breached its contractual obligation and GreenPoint seeks recovery of all damages and liability arising from Farmers' default.

### B. Contribution.

8. Alternatively, GreenPoint is entitled to contribution from Farmers because it is directly responsible for Plaintiff's alleged damages, and GreenPoint is further entitled to contribution from Farmers for any liability that may be found to exist

between GreenPoint and Plaintiff as a result of Farmers' conduct. GreenPoint denies that it has committed any acts contributing to or independently causing harm to the Plaintiff. Further, GreenPoint is also entitled to contribution from Farmers according to the proportionate responsibility rules established under the Texas Civil Practice & Remedies Code §§ 33.001-017. Consequently, GreenPoint is entitled to judgment against Farmers for any sums that it may be adjudged liable to Plaintiff.

**C. Negligence.**

9. In addition, Farmers had a duty to GreenPoint to process policy payments properly and with reasonable care. Farmers breached this duty when it received the escrow payment from GreenPoint but did not issue or maintain the flood policy/homeowner's insurance protecting GreenPoint's interest in the Property. As a result, GreenPoint suffered damages cause by Farmers' breach.

**D. Negligent Misrepresentation.**

10. In the course of business, Farmers represented that it would process the escrow payments and maintain the flood policy/homeowner's insurance protecting GreenPoint's interest in the Property. In addition, Farmers maintained a financial interest in the transaction by receiving the payment from GreenPoint. Farmers' representation was inaccurate because it failed to maintain the Plaintiff's flood policy/homeowner's insurance. GreenPoint justifiably relied on the Farmers' representation; and as a result, GreenPoint suffered damages.

## VI. Requests for Disclosure

11. Farmers is requested to disclose, within 50 days of service of this request, the information and material described in Texas Rule of Civil Procedure 194.2.

Therefore, GreenPoint prays that the Third-Party Defendant Farmers be served and upon trial, GreenPoint have judgment against it for the following:

(a) actual damages in an amount to be determined by the trier-of-fact;

(b) all sums for which GreenPoint may be adjudged liable to Plaintiff;

(c) pre and post-judgment interest at the highest rates allowed by law or equity;

(d) all costs of court;

(e) reasonable and necessary attorneys fees; and

(f) such other and further relief as this Court may find just.

Respectfully submitted,

**McGlinchey Stafford, PLLC**

By: [signature]
S. DAVID SMITH
Texas Bar No. 18682550
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025

GREGG D. STEVENS
Texas Bar No. 19182500
THOMAS D. GRABER
Texas Bar No. 08240560
2711 N. Haskell, Suite 2700
Dallas, Texas 75204
Telephone: (214) 257-1777
Facsimile: (214) 257-1717

**ATTORNEYS FOR DEFENDANT GREENPOINT MORTGAGE, FUNDING, INC.**

<u>**Certificate of Service**</u>

On May 26, 2010, I certify that a correct copy of GreenPoint's Third-Party Petition and Requests for Disclosure was sent as indicated to the following counsel of record:

Jason M. Byrd
Snider & Byrd, L.L.P.
Delaware Office Plaza
3560 Delaware Street, Suite 308
Beaumont, Texas 77706
***Via Facsimile: (409) 924-0808***

[signature]
S. David Smith

# Exhibit A

Citation Personal Service

CITATION
THE STATE OF TEXAS
CASE NO. 09CV1896 - 56th District Court

TIFFANY LEE

VS

**GREENPOINT MORTGAGE FUNDING, INC.**

**Issued To: GREENPOINT MORTGAGE FUNDING, INC. UPON WHOM PROCESS OF SERVICE MAY BE HAD BY SERVING ITS REGISTERED AGENT CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCORPORATING SERVICE COMPANY, 701 BRAZOS, SUITE 1050, AUSTIN, TEXAS 78701**

Defendant Greetings:

NOTICE TO DEFENDANT: You have been sued. You may employ an Attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. The **Original** petition was filed on the 13TH day of **October 2009**in cause number **09CV1896** pending before the **56th District Court** of Galveston County, Texas. See attached **Original** Petition for named parties to the suit.

The name and address of the Pro Se party or Attorney: JASON M. BYRD, SNIDER & BYRD, L.L.P., DELAWARE OFFICE PLAZA, 3560 DELAWARE STREET, SUITE 308, BEAUMONT, TEXAS 77706

The nature of the demand of the Plaintiff is shown by a true and correct copy of the **Original** Petition attached to this citation.

If this citation is not served it shall be returned unserved.

Issued and given under my hand and seal of Court at Office, on OCTOBER 15, 2009 A.D.

A Status Conference is set for: 1/14/10

**Please refer to and complete the attached Status Conference Sheet. Upon completion, please return to Clerk of Court.**

**LATONIA D. WILSON, District Clerk, Galveston County, Texas, 600 59th Street, Suite 4001, Galveston, Texas 77551**

By: ____________________,
Karen Johnson, Deputy Clerk

---

OFFICER'S RETURN

Came to hand on the ______ day of ________________, ________ at ______ o'clock at ____M. Executing Within the County of ____________________, at _________o'clock _______.M. on the _______ day of _______________, _______ .By delivering to the within the named Defendant by serving at:

_______________________________________________

Each in person a true copy of this citation together with the accompanying copy of the petition, having first attached such copy of such petition to such copy of citation and endorsed on such copy of citation the date of delivery.
Total fee for serving citation $_________

_______________________________________________
Name of Officer or Authorized & Disinterested Person
_________________________________, County, Texas

By:_____________________________________, Signature of Deputy of Authorized & Disinterested Person

Authorized & Disinterested person's Verification:

On this the day personally appeared_________________________________________, known to me to be the person whose signature appears on the foregoing return. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this the _______ day of ____________________, ______

Notary's Name Printed:_______________________________________________

Notary Public in and for the State of Texas_______________________________________________

Commission Expires:_________________________

CAUSE NO. 09CV1896

| TIFFANY LEE | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| GREENPOINT MORTGAGE FUNDING, INC. | § | |
| | § | 56 JUDICIAL DISTRICT |

**PLAINTIFFS' ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, TIFFANY LEE, Plaintiff herein, who files this her Original Petition against Defendant, GREENPOINT MORTGAGE FUNDING, INC., and for cause of action would respectfully show the Court as follows:

**A. Discovery Control Plan**

1. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**B. Parties**

2. Plaintiff, TIFFANY LEE, is an individual who owns property in Galveston County, Texas.

3. Defendant, GREENPOINT MORTGAGE FUNDING, INC., is a foreign corporation authorized to do business in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Registered

Agent, Corporation Service Company, d/b/a CSC-Lawyers Incorporating Service Company, at 701 Brazos, Suite 1050, Austin, Texas 78701.

**C. Jurisdiction**

4. This Court has jurisdiction over the cause of action because the amount in controversy is within the jurisdictional limits of the Court.

5. This Court has jurisdiction over Defendant GREENPOINT MORTGAGE FUNDING, INC., because Defendant is a citizen of the State of Texas and/or engages in the business of insurance and/or mortgage lending in the State of Texas and this cause of action arises out of Defendant's business activities in the State of Texas.

**D. Venue**

6. Venue is proper in Galveston County, Texas because the insured property is situated in Galveston County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

**E. Facts as to Defendant Greenpoint Mortgage**

7. Plaintiff's flood policy was maintained through her insurer, Texas Farmers Insurance Company (hereinafter referred to as "Farmers"). The premiums were paid out of an escrow account established and maintained by Greenpoint Mortgage Funding, Inc., (hereinafter referred to as "Greenpoint"). The escrow account was funded each month by additional payments made on top of the mortgage payment made each month to Greenpoint. When the flood policy came up for renewal, Greenpoint failed to pay the premium on the property located at 1123 Forest Road #B, Clear Lake Shores, Texas 77565.

8. The Plaintiff suffered a significant loss with respect to the property at issue, and suffered additional living expenses as a result of Hurricane Ike.

9. Plaintiff submitted a claim to Farmers with a date of loss September 13, 2008 for damage to the dwelling and contents of the property at issue as a result of Hurricane Ike. At that time, Plaintiff was advised that no coverage existed on the property located at 1123 Forest Road #B, Clear Lake Shores, Texas 77565.

10. Greenpoint had a fiduciary duty to Plaintiff to make the insurance premium payments. Greenpoint breached that duty to the Plaintiff. At all times, Greenpoint collected the escrow amounts from Plaintiff and then failed to comply with the escrow agreement and failed to make timely payments to Plaintiff's insurance carrier prior to Hurricane Ike. As a direct result of Greenpoint's breach of the escrow agreement and breach of its fiduciary duty as an escrow agent, Plaintiff's policy with Texas Farmers Insurance Company was allowed to lapse on the property at issue prior to Hurricane Ike, causing damages to the Plaintiff.

**F. Causes of Action as to Defendant Greenpoint**

**Breach of Fiduciary Duty**

11. Based on the facts and circumstances stated above, Plaintiffs and Greenpoint had a fiduciary relationship. Greenpoint acted as the escrow agent for Plaintiff's insurance premium payments. Greenpoint breached that fiduciary duty to Plaintiff by failing to properly pay the insurance premiums and failing to pay the insurance premiums timely. Greenpoint's breach resulted in injury to Plaintiff and resulted in financial benefit to Greenpoint in that Greenpoint was able to continue to collect interest on the escrow amounts held in the escrow account.

**Breach of Contract**

12. Greenpoint's conduct constitutes a breach of the deed of trust and promissory note contract made between Greenpoint and Plaintiff. Greenpoint's failure to pay the insurance premiums pursuant to the escrow agreement constitutes a breach of the contract with Plaintiff.

**Texas Deceptive Trade Practices Act**

13. Each of the acts described above, together and singularly, constitute a violation of the Texas Deceptive Trade Practices Act. Specifically, Plaintiff was a consumer of Greenpoint's escrow agent services and Greenpoint made various representations about those services in order to induce Plaintiff to use those services. Plaintiff relied on those representations and, as such, Plaintiff was damaged by Greenpoint's failure to pay the interest premiums in accordance with the escrow agreement.

14. At all times material hereto, Plaintiff was a consumer who purchased escrow services from Greenpoint. Greenpoint has violated the Texas Deceptive Trade Practices Act in the following manners:

a. Causing confusion or misunderstanding about the source, sponsorship, approval, or certification of escrow services;

b. Representing that escrow services have sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities it does not have;

c. Representing that escrow services are of a particular standard, quality, or grade;

d. Advertising escrow services with the intent not to sell them as advertised;

e. Making false or misleading statements of fact concerning the reason for, existence of, or amount of price reductions;

f. Representing that an agreement confers or involves rights, remedies or obligations that it does not;

g. Falsely representing that escrow services had been performed on goods;

h. Failing to disclose information about escrow services which were known at the time of the transaction and such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

i. Engaging in an unconscionable course of conduct.

15. Each of the acts described above, together and singularly, was done knowingly and intentionally and was the producing cause of Plaintiff's damages described herein.

**Common Law Fraud**

16. Greenpoint made a representation to Plaintiff that Greenpoint would perform under the escrow agreement and pay the insurance premiums timely. Greenpoint's representation was material and false. Greenpoint knew when it made the representation that it was either (1) false or (2) made the representation recklessly, as a positive assertion, and without knowledge of its truth. Greenpoint made the representation that it would pay timely insurance premiums with the intent that Plaintiff act on the representation. Plaintiff relied on the representation which caused Plaintiff's injuries.

**Statutory Fraud Pursuant to § 27.01 of the Texas Business & Commerce Code**

17. Plaintiff hereby sues Greenpoint for statutory fraud. The transaction described above involves real estate. Greenpoint (a) made a false representation of fact

and (b) made a false promise that it would perform under the escrow agreement. The false representation or promise was made for inducing Plaintiff to enter into the loan contract. Plaintiff relied on the false representation or promise by entering into the contract and this reliance caused the Plaintiffs significant injury.

**Breach of the Duty of Good Faith and Fair Dealing**

18. Defendant Greenpoint's conduct constitutes a breach of the common law duty of good faith and fair dealing. Because there is an escrow agreement described above and because the effect of failure to comply with the escrow agreement is the same as the effect of cancelling or non-renewing the policy, the contract gives rise to a duty of good faith and fair dealing.

19. Greenpoint's breach of the duty of good faith and fair dealing subjects it to further damages described herein.

**Violations of the Texas Insurance Code**

**Noncompliance with Texas Insurance Code Chapter 541: "Unfair Competition and Unfair Practices Act"**

20. Greenpoint's conduct constitutes multiple violations of Texas Insurance Code Chapter 541.

21. Greenpoint is a "person" as that term is defined under the Texas Insurance Code Section 541.002(2), because a "person" is defined as a corporation or any other legal entity engaged in the business of insurance. In this transaction, Greenpoint acted as an agent, procuring insurance and paying the insurance premiums through the escrow agreement. Just as an agent is liable for failure to procure insurance, so is the escrow agent in this case, Greenpoint.

22. Greenpoint made a misrepresentation to induce the borrower (Plaintiff) and to allow the policy to lapse in violation of the Texas Insurance Code Sections 541.051 to 541.052.

23. Furthermore, Greenpoint is liable for misrepresentations about an insurance policy under Section 541.061. Greenpoint made untrue statements of material fact about the payment of the premiums through the escrow agreement. Greenpoint made statements in a way that would lead a reasonably prudent person to a false conclusion about the material fact. That material fact being the timely payment of interest premiums through the escrow account.

**Negligence**

24. Defendant Greenpoint is hereby liable to Plaintiff for negligence. Greenpoint owed a legal duty to Plaintiff as her escrow agent. Greenpoint breached that duty by failing to pay timely the insurance premiums out of the escrow account and this breach proximately caused Plaintiff's injuries.

**Negligent Misrepresentation**

25. Plaintiff hereby sues Greenpoint for negligent misrepresentation. Greenpoint made a representation to Plaintiff in the course of Greenpoint's business as a lender and in the transaction where Greenpoint had a financial interest; in not only the interest accrued on the principal amount of the loan, but also the interest accrued on the escrow account. Greenpoint supplied false information for the guidance of the Plaintiff in that Greenpoint represented that it would timely pay the insurance premiums. Greenpoint did not exercise reasonable care or competence in obtaining or communicating this information. The

Plaintiff justifiably relied on the representation of Greenpoint and Greenpoint's negligent misrepesentation proximately caused the injuries to Plaintiff.

**G. Damages and Prayer**

26. WHEREFORE, PREMISES CONSIDERED, Plaintiff herein, TIFFANY LEE complains of GREEPOINT MORTGAGE FUNDING, INC. and prays that Defendant be cited to appear and answer and that on a final trial on the merits, Plaintiff recover from Defendant the following:

27. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiffs.

28. For breach of contract by Greenpoint, Plaintiff is entitled to regain the benefit of her bargain, which is the amount of the claim, together with attorney's fees.

29. For noncompliance with the *Texas Unfair Competition and Unfair Practices Act* and the *Texas Deceptive Trade Practices Act* by Greenpoint, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees. For knowing conduct of the acts complained of, Plaintiff asks for three times her actual damages. TEX. INS. CODE ANN. Section 541.060. For intentional conduct, Plaintiff asks for three times actual damages and three times mental anguish damages.

30. For breach of the duty of good faith and fair dealing by Greenpoint, exemplary damages as to be determined by the jury.

31. For breach of fiduciary duty, fraud, statutory fraud, and negligent misrepresentation by Greenpoint, actual damages, consequential damages, attorney fees, and exemplary damages as to be determined by the jury.

32. Plaintiff seeks court costs, prejudgment interest, post-judgment interest, and any other relief, either at law or in equity to which they may be justly entitled to receive.

Respectfully submitted,

**SNIDER & BYRD, L.L.P.**

BY: ______________________

Jason M. Byrd
State Bar No. 24036303
Wyatt D. Snider
State Bar No.24039185
Justin G. Sanderson
State Bar No. 24034664
Delaware Office Plaza
3560 Delaware Street, Suite 308
Beaumont, Texas 77706
(409) 924-9595/(409) 924-0808 FAX
ATTORNEYS FOR PLAINTIFFS

**JURY DEMAND**

Plaintiff respectfully demands a trial by jury.

______________________
JASON M. BYRD

# Exhibit B

CAUSE NO. 09-CV-1896

| | | |
|---|---|---|
| TIFFANY LEE, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | OF GALVESTON COUNTY, TEXAS |
| | § | |
| | § | |
| GREENPOINT MORTGAGE FUNDING, INC., | § | 56TH JUDICIAL DISTRICT |
| | § | |
| Defendant. | § | |
| | § | |

10 APR 27 PM 4:41
DISTRICT CLERK
GALVESTON COUNTY, TX.
COPY

## Defendant's Original Answer

Greenpoint Mortgage Funding, Inc. ("Greenpoint") files its original answer as follows:

### I. General Denial

Greenpoint generally denies all the Plaintiff's claims as alleged and respectfully prays that she be required to prove her claims by a preponderance of the evidence or such higher standard as may be applicable.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully prays that Plaintiff take nothing by reason of the claims as alleged and, further, that Defendant recover such other and further relief to which this Court deems it to be justly entitled.

Respectfully submitted,

**McGlinchey Stafford, PLLC**

By: S. David Smith

S. DAVID SMITH
Texas Bar No. 18682550
1001 McKinney, Suite 1500
Houston, Texas 77002
Telephone: (713) 520-1900
Facsimile: (713) 520-1025

GREGG D. STEVENS
Texas Bar No. 19182500
THOMAS D. GRABER
Texas Bar No. 08240560
2711 N. Haskell, Suite 2700
Dallas, Texas 75204
Telephone: (214) 257-1777
Facsimile: (214) 257-1717

**ATTORNEYS FOR DEFENDANT GREENPOINT MORTGAGE, FUNDING, INC.**



317856.1

## Certificate of Service

On April 27, 2010, I certify that a correct copy of Greenpoint's Original Answer was sent as indicated to the following counsel of record:

Jason M. Byrd
Snider & Byrd, L.L.P.
Delaware Office Plaza
3560 Delaware Street, Suite 308
Beaumont, Texas 77706
*Via Facsimile:* ***(409) 924-0808***

S. David Smith




317856.1

I, Latonia D. Wilson, District Clerk and Custodian of Records for District Courts of Galveston, County, Texas do hereby certify that the foregoing is a true and correct copy of the original record, now in my lawful custody and filed in this office on the 26th day of May 2010 witness my official hand and seal of office this 6th day of July 2010
LATONIA D. WILSON, DISTRICT CLERK
Galveston County, Texas
By ________ Deputy

McGLINCHEY STAFFORD PLLC

ATTORNEYS AT LAW

LOUISIANA MISSISSIPPI NEW YORK OHIO TEXAS

S. David Smith
Direct Dial: (713) 335-2136
Facsimile: (713) 520-1025
sdsmith@mcglinchey.com
*Board Certified, Consumer & Commercial Law*
*Texas Board of Legal Specialization*

May 26, 2010

***Via Hand Delivery***
Latonia D. Wilson
District Clerk, Galveston County
174 Calder Road
League City, TX 77573
(281) 316-8729

RE: Cause No. 09-CV-1896; *Tiffany Lee v. GreenPoint Mortgage Funding, Inc., v. Texas Farmers Insurance Company;* In the 56th Judicial District Court of Galveston County Texas

Dear Ms. Wilson:

Enclosed for filing in the above referenced matter, please find the following:

**1. Original and a copy of GreenPoint Mortgage Funding's Third-Party Petition and Requests for Disclosure; and**

**2. Our firm checks in the amount of $41.00 for the filing fee and $8.00 to issue citation.**

Please issue citation for service of this Third Party Petition on Texas Farmers Insurance Company, registered agent Chris Granger, 15700 Long Vista Drive, Austin, Texas 78728. Please return the citation ~~and file-stamped copy of Third-Party Petition~~ to us in the enclosed stamped, self-addressed envelope.

Thank you for your assistance in this matter. If you have any questions, please do not hesitate to contact our office.

Sincerely,

**McGlinchey Stafford, PLLC**

[signature]
David Smith

SDS/cw
Enclosure

cc: Jason M. Byrd *Via Facsimile: (409) 924-08008*

10 MAY 25 PM 1: 11

321762.1



ATTORNEYS AT LAW

LOUISIANA MISSISSIPPI NEW YORK OHIO TEXAS

**S. David Smith**
Direct Dial: (713) 335-2136
Facsimile: (713) 520-1025
sdsmith@mcglinchey.com
*Board Certified, Consumer & Commercial Law*
*Texas Board of Legal Specialization*

June 10, 2010

Latonia D. Wilson
District Clerk, Galveston County
600 59th Street, Room 4001
Galveston, Texas 77551-2388

RE: Cause No. 09-CV-1896; *Tiffany Lee v. GreenPoint Mortgage Funding, Inc., v. Texas Farmers Insurance Company;* In the 56th Judicial District Court of Galveston County Texas

Dear Ms. Wilson:

This letter is to inform you that I will be out of the country and unavailable by telephone or email from July 5, 2010 through July 30, 2010. Please do not schedule any proceedings of any kind during that time period or seek information regarding scheduling during that time period as I will not be able to respond. If a matter should arise during this time period, you may contact my paralegal Doris Walker (713) 335-2147 or my legal assistant Christine Wooster (713) 335-2134.

If you have any questions or comments, please do not hesitate to contact me.

Sincerely,

**McGlinchey Stafford, PLLC**

By: David Smith
David Smith

SDS/cmw

10 JUN 14 PM 2:34
DISTRICT

323692.1