UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| TIFFANY LEE,<br>§ Plaintiff,<br>§<br>v. §<br>§<br>GREENPOINT MORTGAGE FUNDING, §<br>INC., §<br>§ Defendant/Third-Party Plaintiff, §<br>§<br>v. §<br>§<br>TEXAS FARMERS INSURANCE COMPANY, §<br>§ Third-Party Defendant. § | CASE NO. 3:10cv00267 |

### TEXAS FARMERS INSURANCE COMPANY'S
### ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant TEXAS FARMERS INSURANCE COMPANY ("Defendant" or "Texas Farmers"), a Write-Your-Own ("WYO") Program carrier participating in the United States government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appearing herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] For the purpose of answering Defendant, Greenpoint Mortgage Funding's Third Party Petition, and to assert affirmative defenses.

### ANSWER

Defendant hereby responds to the allegations set forth in the Plaintiff's Complaint, as follows:

1. The allegations contained in Paragraph 1 of the Greenpoint's Third Party Complaint do not require an answer of this Defendant. However, in an abundance of caution and to the extent and answer is required, all allegations are denied.

---

[1] 42 U.S.C. §4001, *et seq*
[2] 44 C.F.R. §62.23(f).
[3] 42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir.1998).

2. The allegations contained in Paragraph 2 of the Greenpoint's Third Party Complaint are admitted.

3. The allegations contained in Paragraph 3 of the Greenpoint's Third Party Complaint are denied as a matter of law. Jurisdiction is proper in the United States District Court for the Southern District of Texas.

4. The allegations contained in Paragraph 4 of the Greenpoint's Third Party Complaint are denied as a matter of law. Venue is proper in the United States District Court for the Southern District of Texas.

5. The allegations contained in Paragraph 5 of the Greenpoint's Third Party Complaint are admitted.

6. The allegations contained in Paragraph 6 of the Greenpoint's Third Party Complaint are admitted to the extent that Greenpoint has answered Plaintiff's Original Complaint and has denied any and all allegations. All other allegations contained in Paragraph 6 of Greenpoint's Third Party Complaint are denied.

7. The allegations contained in Paragraph 7 of the Greenpoint's Third Party Complaint are denied.

8. The allegations contained in Paragraph 8 of the Greenpoint's Third Party Complaint are denied as a matter of law.

9. The allegations contained in Paragraph 9 of the Greenpoint's Third Party Complaint are denied.

10. The allegations contained in Paragraph 10 of the Greenpoint's Third Party Complaint are denied as a matter of law.

11. The allegations contained in Paragraph 11 of the Greenpoint's Third Party Complaint are denied as a matter of law.

12. Answering further, Defendants submit that the Plaintiff is not entitled to the relief sought in the Prayer for Relief following Paragraph 11 of the Greenpoint's Third Party Complaint.

## AFFIRMATIVE DEFENSES

AND NOW COMES Defendants for the purpose of asserting the following affirmative defenses:

## FIRST DEFENSE

The Greenpoint's Third Party Complaint fails to set forth a claim upon which relief may be granted by this Honorable Court.

## SECOND DEFENSE

There are no "implied" private rights of action available in the context of the comprehensive and pervasive statutory and regulatory scheme that is commonly referred to as the National Flood Insurance Program. To the extent that any party to this lawsuit seeks any recovery from the Defendants under federal law beyond what is provided for in the text of the SFIP, Defendant affirmatively asserts that no right of action exists.

## THIRD DEFENSE

Jurisdiction and venue over this dispute are exclusive to this Honorable Court pursuant to pursuant to 28 U.S.C. §1331 and §1337. Supplemental jurisdiction is proper pursuant to 28 U.S.C. § 1367.

## FOURTH DEFENSE

The responsibilities of the WYO Program carrier to the Insured, and vice versa, are provided in the insuring agreement of the SFIP. 44 C.F.R. Pt. 61, App. A(1) at "Agreement." Pursuant to that regulation/contract, the parties have no cause to complain of the strictures of the NFIP, for they agreed to be bound by all program rules as a condition of the policy of flood insurance purchased.

**FIFTH DEFENSE**

The parties are charged with the knowledge of the terms and conditions of the Standard Flood Insurance Policy and the requirements under the National Flood Insurance Program as a matter of federal law.

**SIXTH DEFENSE**

The parties are responsible for reading the Standard Flood Insurance Policy, as well as any renewal notices, and are presumed to know the provisions of their policy, including the insurer's limits of liability.

**SEVENTH DEFENSE**

The Declarations Page is a part of the SFIP itself. The Declarations Page describes the term of the policy, limits of coverage, and displays the premium. The question of whether the parties are entitled to anything under the SFIP policy at issue, and if so, how much, is strictly governed by the policy's declarations page, and all of the policy's terms and conditions as set forth in the SFIP at 44 C.F.R. Pt. 61, App. A(1), *in pari materia* with all applicable provisions of the Code of Federal Regulations, as well as the National Flood Insurance Act itself.

**EIGHTH DEFENSE**

By statute, the Defendant Texas Farmers is the fiscal agent of the United States. 42 U.S.C. §4071(a)(1). By regulation, Defendant's fiduciary duty is owed to FEMA, and is "to assure that any taxpayer funds are accounted for and appropriately expended. 44 C.F.R. §62.23(f). Also by regulation, all company claim standards are subordinate to FEMA's nationally uniform and preset claims standards that FEMA has devised on authority of 42 U.S.C. §4019. Those standards govern all of the WYO Program companies and all of the insureds in a nationally uniform manner.

## NINTH DEFENSE

Plaintiff's SFIP expressly conditions the right to sue for further benefits under the policy upon the Plaintiff's prior compliance with "all the requirements of the policy." In order to obtain the federal benefits that the Plaintiff/Third Party Plaintiff is seeking under the policy, Plaintiffs must meet their burden of proof to establish her pre-suit full, complete, truthful, and detailed compliance with "all" requirements of the SFIP, including but not limited to the payment of premiums.

## TENTH DEFENSE

Congress made clear at the outset of the adoption of the NFIP that the actual scope of coverage would be limited via Executive Branch regulations. See 42 U.S.C. §4013. As the courts have consistently recognized, the SFIP only pays for damage caused by "direct physical loss by or from flood," and even this is limited by various conditions and exclusions. Numerous economic, consequential and incidental damages arising from flooding are not covered. Indeed many losses that would not have occurred "but for" a flood simply are outside the scope of benefits that are available under this one federal program. As such, Defendant affirmatively asserts that the scope of recovery, if any, is limited to what is available under the specific terms and conditions of the SFIP. 44 C.F.R. Pt. 61, App. A(1).

## ELEVENTH DEFENSE

Some or all of the claims of the Plaintiff are barred by one or more of the SFIP exclusions authorized by 42 U.S.C. §4013, and set forth in 44 C.F.R. Pt. 61, App. A(1), all as more fully set out in Article V of the SFIP, each provision and subpart of which is expressly pleaded herein by reference.  Moreover, the SFIP provides coverage limited to the specific provisions set forth in Article III, and it does not provide coverage for those specific items expressly listed in Article IV, all of which must be strictly construed.  Additionally, Defendant avers those requirements for coverage set forth in Article VII of the SFIP.

**TWELFTH DEFENSE**

Defendant avers that Plaintiff/Third Party Plaintiff failed to meet the requirements set forth in Article VII(H) of the SFIP.

**THIRTEENTH DEFENSE**

There was no policy in place at the time of the alleged loss.

**FOURTEENTH DEFENSE**

FEMA has reserved unto itself the exclusive authority to waive program requirements. See 44 C.F.R. §61.13(d), §62.23(k), and SFIP Article VII(D). Defendant affirmatively pleads that it cannot legally waive program requirements; instead, it is required by the Constitution and judicial precedent to strictly construe and enforce all of FEMA's requirements for NFIP claims disputes. Respectfully, Defendant asserts that this Court is subject to the exact same limitations.

**FIFTEENTH DEFENSE**

Plaintiff/Third Party Plaintiff cannot rely on any alleged misrepresentations of the Defendant or any other person, whether an employee of Defendant or otherwise. Further, no theory of detrimental reliance upon any alleged misrepresentations can possibly succeed in this case as a matter of law. United States Supreme Court precedents bar such claims in the context of federal insurance programs. Moreover, FEMA's regulations expressly provide that any misrepresentation as to the scope of coverage afforded by the SFIP is void as a matter of federal law. 44 C.F.R. §61.5(e). Similarly, the SFIP bars all claims of reliance in the context of claims issues. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J)(5), (7), and (8).

**SIXTEENTH DEFENSE**

Defendant Texas Farmers is a signatory to the National Flood Insurance Act of 1968, and applicable federal regulations in Title 44 of the Code of Federal Regulations, Subchapter B, and is authorized by the Federal Insurance Administration to issue the SFIP on behalf of the federal government under Defendant's logo. Defendant agrees to abide by all rules and regulations promulgated by the Federal Insurance Administration and the Federal Emergency Management Agency when it issues a SFIP. Defendant does not have the authority to change, alter, or interpret the underwriting or claims guidelines of the flood program. The Federal Insurance Administrator is the sole authority.

**SEVENTEENTH DEFENSE**

Pursuant to the Appropriations Clause, no recovery may be allowed beyond recoveries that are authorized and sanctioned by the Congress via the express statutes and regulations of this program. Pursuant to the Supremacy Clause, all federal rules and regulations preempt and displace any rule or regulation of the states bearing upon the same subject matter. As the states have no power to regulate the National Flood Insurance Program via the congressional tender found in the McCarren-Ferguson Act, Defendant asserts under the Commerce Clause that the states have no regulatory authority over the NFIP operations of FEMA's WYO Program carriers at all. Pursuant to the separation of powers doctrine, Defendant respectfully submits that the role of the courts in a dispute of this type is limited by the principles set forth by the Supreme Court in the section on "policy" in *Chevron v. Natural Resources Defense Council*, 104 S.Ct. 2778 (1984).

**EIGHTEENTH DEFENSE**

The Defendant WYO carrier has no reason to act in bad faith or in a deceptive or unfair manner, as it receives a commission for ever dollar paid to an insured under an SFIP. See 44 C.F.R. Part 62, App. A, Art. III (C)(1). In other words, the greater the amount paid to an insured under an SFIP, the higher the fee the WYO carrier will receive from the federal government for handling the claim.

## NINETEENTH DEFENSE

Defendant Texas Farmers avers that any claims set forth in the complaint that may be construed as extra-contractual are preempted and/or barred by federal constitutional, statutory and regulatory law.

## TWENTIETH DEFENSE

Attorney's fees and interest are not recoverable under the SFIP.

## TWENTY-FIRST DEFENSE

The Defendant contends that trial by jury is not available against WYO Program carriers. As such, Defendant intends to contest the Plaintiff's jury demand.

## IMPROPER PAYMENTS INFORMATION ACT

Unless the Parties can establish that documentation has been submitted that meets all requirements under the Standard Flood Insurance Policy and FEMA's guidelines, any payment under the NFIP is barred by the Improper Payments Information Act of 2002. 31 U.S.C. §3321 note (Supp. III 2003).

## RESERVATION OF RIGHTS

To the extent permitted by law, Defendant reserves the right to supplement and amend this Answer and to assert additional affirmative defenses as future discovery may warrant and require.

WHEREFORE, Defendants, TEXAS FARMERS INSURANCE COMPANY prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after all due proceedings are had, that there be judgment herein dismissing all claims of Greenpoint Mortgage Funding against Defendant, with prejudice, and at Greenpoint's costs.

Respectfully submitted,

**BAKER & HOSTETLER LLP**

/s/ *Michelle Benavides*
Douglas D. D'Arche
State Bar No. 00793582
Michelle Benavides
State Bar No. 24050275
1000 Louisiana, Suite 2000
Houston, Texas  77002
Telephone: (713) 751-1600
Facsimile:  (713) 751-1717
E-mail: ddarche@bakerlaw.com
         mbenavides@bakerlaw.com


and

**NIELSEN LAW FIRM, L.L.C.**

Michael D. Breinin, LA S.B. 24315
John D. Carter, LA S.B. 24334
Gerald J. Nielsen, LA. S.B. 17078
3838 N. Causeway Blvd.  Suite 2850
Metairie, Louisiana 70002
Tel. (504) 837-2500
Fax (504) 832-9165
Email: mbreinin@nielsenlawfirm.com


**COUNSEL FOR
TEXAS FARMERS INSURANCE COMPANY**

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 15th day of July, 2010, I forwarded a copy of the above and foregoing to the following counsel of record, via CMRRR and/or via the court's electronic mail system:

Jason M. Byrd
Wyatt D. Snider
Jason G. Sanderson
Snider & Byrd, LLP
Delaware Office Plaza
3560 Delaware Street, Suite 308
Beaumont, Texas 77706
**Attorneys for Plaintiff,**
**Tiffany Lee**

S. David Smith
McGlinchey Stafford, PLLC
1001 McKinney, Suite 1500
Houston, Texas 77002
Gregg D. Stevens
Thomas D. Graber
McGlinchey Stafford, PLLC
2711 N. Haskell, Suite 2700
Dallas, Texas 75204
**Attorneys for Defendant,**
**Greenpoint Mortgage, Funding, Inc**.

　　　　　　　　　　　　　　　　　　　/s/ *Michelle Benavides*
　　　　　　　　　　　　　　　　　　　Michelle Benavides